**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *KIM GARDNER*,<br>**Plaintiff**,<br>**v.**<br>*AMERICAN BROKERS CONDUIT; FREDDIE MAC; FINANCIAL TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CAL-WESTERN RECONVEYANCE CORP.; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY*,<br>**Defendants.**<br>_____/ | 1: 12 - CV - 00555  AWI  DLB<br><br>[Document *# 4*] |

## BACKGROUND

Plaintiff Kim Gardner ("Plaintiff") filed a complaint February 17, 2012, in Fresno County Superior Court seeking declaratory relief and to quiet title to real property in the city of Fresno. Doc. 1 at 7. Plaintiff also sought a temporary restraining order; the motion was denied without prejudice by the Superior Court. *Id*. at 49. Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac", "Defendant"), erroneously sued as Freddie Mac, filed a notice of removal of the action on April 6, 2012. On June 8, 2012, Freddie Mac filed the instant motion to dismiss Plaintiff's complaint. The motion was unopposed.

**LEGAL STANDARD**

A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) if the claim states no cognizable legal theory or alleges insufficient facts to support a valid allegation. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of the 12(b)(6) motion, all well-pleaded allegations are accepted as true and are construed in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008).  A well-pleaded allegation contains sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007).  To be plausible, alleged facts must be more than "merely consistent with a defendant's liability;" the "sheer possibility" of unlawful behavior is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences do not meet the plausibility standard and need not be accepted as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Where, as here, the plaintiff is a pro se litigant, the plaintiff's complaint is "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

**A.** *Judicial Notice* – Generally, the court considers only the complaint and attached documents in deciding a motion to dismiss, but the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Defendant has requested judicial notice of several documents, including Plaintiff's Deed of Trust ("Deed"), executed May 8, 2006; a corporate assignment of the Deed, recorded September 27, 2011; a Notice of Default, recorded June 28, 2011; a Notice of Default and Election to Sell; a document substituting Cal-Western Reconveyance Corp. ("Cal-Western") as trustee, recorded November 16, 2011; a Notice of Trustee's Sale, recorded November 28, 2011; and a Trustee's Deed of Sale, recorded January 19,

2012. Such documents are properly the subject of judicial notice, Fed. R. Evid. 201(b); *Permito v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 55977 at *7-8 (N.D. Cal. Apr. 20, 2012), and the court will take notice of the undisputed facts contained in these documents. *Lee*, *supra*, at 690.

**FACTS** (alleged or undisputed)

Plaintiff executed the Deed on his Fresno property on May 8, 2006. The Deed names American Brokers Conduit as the lender, Financial Title Company as trustee, and Mortgage Electronic Registration Systems ("MERS") as nominee for the lender and as beneficiary under the Deed. Doc. 4-1 at 4-5. Plaintiff alleges that the Deed was transferred to "Freddie Mac Fixed Non-Cumulative Perferred [sic] Stock" and that assignments of the Deed to the sponsors or depositor were not recorded, in contravention of the Pooling and Servicing Agreement ("PSA"). Doc. 1 at 9:11-16.[1] Plaintiff also alleges that an audit showed that MERS "had no chain of note possession ship [sic]." *Id*. at 12:19-21.

Plaintiff seeks to quiet title on the basis that the defendants "obtained the Subject Property through Fraud and wrongful conduct, and failed to adhere to the strict statutory requirements to effectuate the foreclosure sale ... ." *Id*. at 14:10-14. Plaintiff seeks a declaration of the parties' rights and interests in the Property, "[d]ue to the dispute as to the rights and interests of the parties to the Subject property ... ." *Id*. at 15:16-25.

**DISCUSSION**

**A.** ***Plaintiff's quiet title claim against Defendant*** – Under California law, a complaint seeking to quiet title must contain "(a) A description of the property that is the subject of the action. ... (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. ... (c) The adverse claims to the title of the plaintiff against which a

---

[1] Plaintiff states that the PSA is attached to his complaint, but no such documents are contained in this court's filings.

determination is sought. (d) The date as of which the determination is sought [; and] (e) A prayer for the determination of the title of the plaintiff against the adverse claims." Cal. Civ. Code § 761.020.

In order to properly plead element (b), the basis of title, Plaintiff must allege he is the rightful owner of the property, which includes satisfaction of the obligations under the Deed. *Adegbenga Adesokan v. U.S. Bank*, 2012 U.S. Dist. LEXIS 15192, 9-10 (E.D. Cal. Feb. 6, 2012); *Kelley v. Mortgage Elec. Resgistration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Plaintiff's Deed states that "[b]orrower shall pay when due the principal of, and interest on, the debt evidenced by the Note ... ." Doc. 4-1 at 7. The Notice of Default and Election to Sell, dated June 27, 2011, and of which the court has taken notice, states that Plaintiff failed to make all payments due on and after Nov. 1, 2010. Plaintiff has therefore failed to sufficiently allege that he is the rightful owner of the Property. California courts have also held that a party seeking equitable relief after a foreclosure sale must offer a valid and viable tender of payment of any indebtedness. *Roque v. Suntrust Mortgage, Inc.*, 2010 U.S. Dist. LEXIS 11546 at *17-18 (N.D. Cal. Feb. 9, 2010). Plaintiff, however, fails to allege in his complaint that he has offered a full tender of his debt. Defendant's motions to dismiss will be granted, without prejudice, as to the claim to quiet title.

**B.** *Declaratory Relief*: Declaratory relief is an equitable remedy; to weigh a request for such a remedy, the court must look to the underlying claims. *Perez v. Am. Home Mortgage Servicing*, 2012 U.S. Dist. LEXIS 56744 (N.D. Cal. Apr. 23, 2012). Because Plaintiff has not stated a legally cognizable claim upon which to support a request for declaratory relief, Plaintiff's claim will be dismissed. *See Silva v. Saxon Mortgage Servs.*, 2012 U.S. Dist. LEXIS 88459 at *22 (E.D. Cal. June 26, 2012) (dismissing declaratory relief claim where all relevant claims had been dismissed).

**C.** *Leave to amend* – "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the

4

challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiff will therefore be given the opportunity to provide the facts and allegations needed for a well-pleaded complaint, as described above.

**CONCLUSION AND ORDER**

THEREFORE, Defendant Freddie Mac's motion to dismiss the complaint as against it is GRANTED. Plaintiff is given leave to amend his complaint within 30 days of entry of this Order. IT IS SO ORDERED.

Dated:   July 16, 2012                                                    _____
                                                                          CHIEF UNITED STATES DISTRICT JUDGE

5