IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM GARDNER, | 1:12-cv-00555-AWI-DLB |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| AMERICAN BROKERS CONDUIT; FREDDIE MAC; FINANCIAL TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CAL-WESTERN RECONVEYANCE CORP.; and all persons claiming any legal or equitable right, title, lien or interest in the property, | |
| Defendants. | |

The Court refers the parties to the orders issued July 16, 2012, August 22, 2012 and September 14, 2012 for a chronology of the proceedings. On February 17, 2012, plaintiff Kim Gardner (hereinafter referred to as "Plaintiff") filed her complaint to quiet title in Fresno County Superior Court against defendants American Brokers Conduit, Freddie Mac, Financial Title Company, Mortgage Electronic Registration Systems, Inc., Cal-Western Reconveyance Corp. and all persons claiming any legal or equitable right, title, lien or interest in the property located at 6427 North Cornelia Avenue, Fresno, CA 93722. On April 6, 2012, defendant Federal Home Loan Mortgage Corporation (hereinafter referred to as "FHLMC," erroneously sued as Freddie Mac) removed the action to this Court

pursuant to 28 U.S.C. §§ 1331 and 1442 and 12 U.S.C. § 1452(f).

On June 8, 2012, FHLMC filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file a written opposition to FHLMC's motion to dismiss. On July 16, 2012, the Court granted the motion to dismiss and directed Plaintiff to file an amended complaint within thirty days of the July 17, 2012 entry of the order. No amended complaint was filed by Plaintiff within the time allotted.

On August 22, 2012, the Court ordered Plaintiff to show cause in writing by 4:00 p.m. on Thursday, September 13, 2012, why no amended complaint had been filed and why the action should not be dismissed for failure to comply with the Court's July 16, 2012 order. The Court cautioned that failure to show cause or otherwise respond to the order would result in a dismissal of the action with prejudice as against FHLMC. Plaintiff did not show cause or respond to the Court's order.

On September 14, 2012, the Court dismissed the action with prejudice as against FHLMC for Plaintiff's failure to respond to the Court's August 22, 2012 order. The Court further issued an order to show cause re: service of the complaint directing Plaintiff to show cause in writing demonstrating service of the complaint on the remaining defendants by 4:00 p.m. on Friday, October 12, 2012. The Court cautioned that failure to show cause would result in a dismissal of the action *without* prejudice as against these defendants. Plaintiff has not shown cause or responded to the Court's September 14, 2012 order.

"If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (listing factors for court to consider in determining whether to dismiss a case for failure to comply with a court order). Where a plaintiff has failed to comply with a court's orders, the court may also dismiss an action pursuant to Rule 41(b) *sua sponte*. *Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005). The Court has considered the *Ferdik* factors and finds they weigh in favor of a dismissal.

Accordingly, the Court hereby DISMISSES this action without prejudice as to all remaining defendants and respectfully directs the Clerk of Court to close the case.

IT IS SO ORDERED.

Dated:   October 18, 2012

CHIEF UNITED STATES DISTRICT JUDGE

3